UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON O'BRIEN, | ) | CIVIL ACTION |
| | ) | |
| *Plaintiff*, | ) | No.: |
| | ) | |
| v. | ) | |
| | ) | Removed from the Circuit Court of |
| FRONTIER AIRLINES, INC., d/b/a | ) | Cook County, Illinois, County |
| FRONTIER AIRLINES | ) | Department, Law Division |
| | ) | No.: Case No. 2023 L 11612 |
| | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant, FRONTIER AIRLINES INC. ("Frontier") hereby removes the above-captioned civil action in its entirety from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, which is based on diversity jurisdiction, Defendant states as follows:

1. This is a personal injury action arising out of a purported delay which is alleged to have occurred on or about November 26, 2022 aboard Frontier flight #81 from Punta Cana, Dominican Republic to Chicago, Illinois.

2. On November 14, 2023, Plaintiff filed her Complaint against Frontier in the Circuit Court of Cook County, Illinois (Case No. 2023 L 11612) asserting negligence against Frontier. Plaintiff's Complaint alleges:

- damage to the footplate of her custom, mechanized wheelchair[1];

---

[1] Plaintiff's counsel has asserted that Plaintiff's wheelchair, alone, "[c]an cost tens of thousands of dollars and take months to build." https://www.chicagotribune.com/business/transportation/ct-biz-frontier-lawsuit-wheelchair-des-plaines-woman-20231115-c6pnadrnvfbl7czs43gfat6gae-story.html

1

- physical pain and protracted physical discomfort, which left her bed-ridden for two days;
- conscious and continuous suffering and emotional distress;
- separation from her wheelchair for 53 hours; and
- a missed important appointment for a catheter change at her local hospital.

*See* **Ex. A**, Plaintiff's Complaint, at ¶¶ 40, 41, 42; Count I at ¶¶ 6-7.

Pursuant to her Complaint, Plaintiff alleges her damages *will exceed* the jurisdictional amount of the Circuit Court of Cook County, or $50,000.00. *See Id.*; *see also* **Ex. B**, Plaintiff's Affidavit Pursuant to Supreme court Rule 222(B).

3. Frontier answered Plaintiff's Complaint on December 14, 2023, and on December 22, 2023, issued its first set of Requests to Admit to Plaintiff to better ascertain the value of Plaintiff's claimed damages in this lawsuit. *See* **Ex. C**, Frontier's First Set of Requests to Admit.

4. Plaintiff responded on January 17, 2024. *See* **Ex. D**, Plaintiff's Responses to Frontier's First Set of Requests to Admit to Plaintiff. However, her answers were completely non-responsive. Specifically, Frontier requested that Plaintiff admit that the amount in controversy in this matter exceeds seventy-five thousand dollars and/or that the damages actually sought by Plaintiff for the injuries alleged in your Complaint in this matter exceeds seventy-five thousand dollars. In response, Plaintiff stated:

> "Plaintiff cannot truthfully admit or deny beyond state that Plaintiff reasonably believes that the amount on controversy will exceed the jurisdictional limit of the Law Division of the Circuit Court of Cook County." Plaintiff further provided an affidavit which additionally noted that she could not "affirmatively state at this stage of litigation whether the amount on controversy in this case exceeds seventy-five thousand dollars and "any decision as to whether an amount that exceeds $75,000 will be made as I learn more information about the case and after consultation with my attorneys." *See* **Ex. D**, at Requests to Admit #3, #4.

5. Plaintiff's evasive answer is simply insufficient to evade federal court jurisdiction. In *O'Hern v. Layton*, this Court held that:

2

"[t]he Seventh Circuit has made clear that a plaintiff who has a modest claim that she does not to be forced to litigate in federal court can avoid that fate, in a case in which only monetary relief is sought, simply by stipulating that she is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest. *If the plaintiff declines to make such stipulation, the inference arises that she thinks her claim may be worth more.*" (Emphasis added). *O'Hern v. Layton*, 2008 U.S. Dist. LEXIS 97267 at *5 (motion for remand denied) (quoting *Workman v. United Parcel Service, Inc.*, 234 F. 3d 998, 1000 (7th Cir. 2000))

6. What is more, this Court has further noted that, in absence of such clarity regarding the amount in controversy, "a plaintiff may engage in a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount." *Id*. at *6. Thus, the case law within the 7th Circuit clearly states that a Plaintiff may not have it both ways – "she cannot disclaim damages in excess of $75,000 in order to defeat federal jurisdiction but preserve her right to recover more than that amount[.]" *Id*.

7. Illinois courts have repeatedly acknowledged that "[t]he task of ascertaining the amount in controversy is 'easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims.'" *Id*. at *4 (quoting *Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006)).

8. However, the proponent of federal jurisdiction need only allege and prove the jurisdictional facts that determine the amount in controversy by a preponderance of the evidence. See *Chicago's Preschool Acad. of Learning, Inc. v. West Bend Mutual Ins.*, 2020 Dist. LEXIS 175624 at *4 (N.D. Ill. 2020). Indeed, this Court has noted that "the bar is not high;" rather, "a defendant's notice of removal need only include *a plausible allegation* that the amount on controversy exceeds the jurisdictional threshold." *Dugar v. U.S. Nat'l Bank Ass'n*, 2021 U.S. Dist. LEXIS 245225 at *5 (N.D. Ill. 2021).

9. Moreover, the court may look outside the pleadings to other evidence of the jurisdictional amount in the record available at the time of removal. *Chase v. Shop N' Save*

3

*Warehouse Foods*, 110 F. 3d 424, 428 (7th Cir. 1997). This may include relevant contentions or admissions, settlement demands, or other evidence to show the existence of contested factual assertions to the value of the case. *O'Hern*, 2008 U.S. Dist. LEXIS 97267 at *3.

13. Finally, "only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgement (from defendant's) will be <u>less</u> than the jurisdictional floor may the case be dismissed." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F. 2d 536, 543 (7th Cir. 2006) (Emphasis added) (federal court maintained jurisdiction because it was not legally certain that the amount at issue was less than $75,000.00); *O'Hern v. Layton*, 2008 U.S. Dist. LEXIS 97267 at *7.

14. Here, Plaintiff refused to admit or stipulate that the damages sought are below the $75,000.00 amount in controversy requirement. Instead, Plaintiff explicitly leaves the door open to such recovery, denoting that she may seek this amount after further information and consultation with her counsel and reiterating that her claimed damages are in excess of $30,000.00.

15. The claimed damages, coupled with Plaintiff's unwillingness to either admit or stipulate to seeking less than $75,000.00, creates *a plausible allegation* that Plaintiff's claim is in excess of the amount in controversy or that she will seek recovery in excess of the same. Her attempt at avoiding such is in direct violation of this Court and the 7th Circuit's jurisprudence, thereby conferring federal court jurisdiction.

10. This Notice of Removal is being filed within 30 days of Frontier's receipt of Plaintiff's Responses to Frontier's Requests for Admission that alerted Frontier that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a) and is therefore timely under 28 U.S.C. § 1446(b)(3).

4

11.     28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which: (1) it is between citizens of different States; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Here, there is complete diversity of citizenship between Plaintiff and Defendant under 28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen of the State of Illinois. *See* **Ex. A**, at Response #1. For diversity purposes, "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Big Shoulders Capital LLC v. San Luis & Rio Grande R.R.*, 13 F. 4th 560, 571 (7th Cir. 2021).  Frontier is incorporated in and has its principal place of business in Colorado. *See* **Ex. E**, Colorado Secretary of State Summary for Frontier. Since Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between them.

13.     In conjunction with the complete diversity requirement, the amount in controversy alleged in the action must be more than $75,000.00. Pursuant to 28 U.S.C. § 1446(c)(2), "if removal of a civil action is sought on the basis of the jurisdiction conferred by § 1332(a) (*i.e.*, diversity), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." As discussed herein, the amount in controversy requirement is satisfied.

14.     The United States District Court of the Northern District of Illinois is the federal court embracing the Circuit Court of Cook County, Illinois which is the place where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1446(a).

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Cook County Circuit Court, Illinois.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached copies of all process and pleadings served upon it in the State Court record. *See* **Ex. F**.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this action from Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: January 23, 2024    Respectfully submitted,

HINSHAW & CULBERTSON, LLP

 /s/ *Kurt C. Schlueter*
Attorney for Frontier Airlines

Brian T. Maye
bmaye@hinshawlaw.com
Kurt C. Schlueter
kschlueter@hinshawlaw.com
Brittany N. Christianson
bchristianson@hinshawlaw.com
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001 (fax)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2024, I caused the foregoing to be electronically filed with the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and served a copy of the foregoing on the below counsel via e-mail on January 23, 2024.

**Counsel for Plaintiff**

Lance D. Northcutt
Salvi, Schostok & Pritchard P.C.
161 N. Clark St., Suite 4700
Chicago, Illinois 60602
Phone: (312) 372-1227
lnorthcutt@salvilaw.com

/s/ *Kurt C. Schlueter*