UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHANNON O'BRIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 24-cv-00605 |
| v. ) | |
| ) | Hon. Sharon Johnson Coleman |
| FRONTIER AIRLINES, INC., d/b/a ) | |
| FRONTIER AIRLINES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT STATUS REPORT**

NOW COMES Plaintiff, SHANNON O'BRIEN, and Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through counsel, and for their Joint Status Report pursuant to Fed. R. Civ. P. 26(f) and this Court's Order, state as follows:

1. **NATURE OF THE CASE**

    a. **Attorneys of Record for Each Party and Lead Trial Attorney:**

    For Plaintiff:

    Lance D. Northcutt (Lead Trial Attorney)
    Emily T. Art (following admission to the NDIL)
    Salvi, Schostok & Pritchard, P.C.
    161 N. Clark Street, Suite 4700
    Chicago, IL 60601
    Phone: (312) 372-1227
    Fax: (312) 372-3720
    lnorthcutt@salvilaw.com
    eart@salvilaw.com

    For Defendant:

    Brian T. Maye (Lead Trial Attorney)
    Kurt C. Schlueter
    Brittany N. Christianson

HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001 (fax)
bmaye@hinshawlaw.com
kschlueter@hinshawlaw.com
bchristianson@hinshawlaw.com

b. **Nature of the Claims and Any Counterclaims:**

**Plaintiff:** This One-Count Complaint against Defendant alleges Defendant was negligent in the transportation, handling, locating, and returning of Plaintiff's mechanized wheelchair after a flight from Punta Cana, Dominican Republic to Chicago, Illinois. More specifically, Plaintiff alleges that Defendant had a duty of care with regard to monitoring, keeping track, locating and returning Plaintiff's mechanized wheelchair and comport with the standard of care established by the Air Carrier Access Act with respect to assisting disabled passengers. Plaintiff further alleges that Defendant breached such duty and the breach of said duty was the sole and proximate cause of Plaintiff's pain, suffering, emotional distress, and loss of a normal life.

Plaintiff anticipates seeking leave to file an amended complaint to expand the scope of the current complaint and to seek punitive damages.

**Frontier:** Plaintiff was traveling on Frontier flight 81 from Punta Cana, Dominican Republic (PUJ) to Chicago, Illinois (ORD), which resulted in a diversion and unscheduled landing at Orlando International Airport (MCO) due to a mechanical issue resulting in the loss of hydraulic fluid, thereby preventing the opening of the cargo door, making it impossible to retrieve passenger baggage, including Plaintiff's wheelchair.

Frontier denies all material allegations of liability against it, and asserts affirmative defenses including, but not limited to:

1) Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable nor responsible;

2) Plaintiff's claims may be limited, barred, and/or preempted by federal law, international law, and/or international conventions;

3) Plaintiff is not entitled to recover any punitive damages under applicable law, or in the alternative, Plaintiff has not alleged and/or cannot establish tortious acts by Frontier (or any of is employees over whom it had control) involving malice, fraud, insult, or wanton, reckless, and deliberate disregard for the rights or safety of Plaintiff sufficient for an award of punitive damages.

    **c. Major Legal and Factual Issues in the Case:**

      **i. The major legal issues in the case include:**

- Whether Defendant's conduct was negligent;

- Whether Plaintiff's claims are preempted, either partially or wholly, by federal law, international law, and/or international conventions;

- Whether Defendant complied with the applicable standard of care;

- Whether Defendant's actions were the proximate case of Plaintiff's injuries;

      **ii. The major factual issues in the case include:**

- How and why there was a delay in the delivery of Plaintiff's mechanized wheelchair;

- Whether third parties were responsible for the acts of which Plaintiff complains and, if so, to what extent;

- Whether Defendant followed its internal policy and procedures regarding the transportation of mechanized wheelchairs.

    **d. Relief Sought:**

Plaintiff seeks monetary recovery for non-economic damages and (pursuant to an amended pleading) will also seek the imposition of punitive damages. These non-economic damages include the pain, suffering, emotional distress, and loss of a normal life experienced by Plaintiff.

    **e. General Status of the Case:**

This case is in its preliminary stages. Plaintiff originally filed her Complaint and Defendant filed its Answer in the Circuit Court of Cook County. This case was removed on January 23, 2024. Frontier served its Initial Disclosures and propounded its first set of written discovery on April 10, 2024.

**2. PENDING MOTIONS**

    **a. Identify Pending Motions:**

None.

    **b. Previously Set Deadlines:**

None.

3. **PROPOSED DISCOVERY SCHEDULE**

   a. **General Type of Discovery**

- Written discovery, including interrogatories and request for production of documents;
- Depositions;
- Request to admit; and
- Expert discovery.

   b. **Mandatory Initial Discovery Project**

N/A

   c. **Proposed Discovery Schedule**

Plaintiff's Proposed Discovery Schedule:

| | |
|---|---|
| Rule 26(a) Disclosures: | May 3, 2024 |
| Written Discovery to be Issued: | May 10, 2024 |
| Written Discovery to be Answered: | June 10, 2024 |
| Completion of Fact Witnesses: | August 30, 2024 |
| Disclosure of Experts: | September 27, 2024 |
| All Discovery Completed By: | November 29, 2024 |
| Dispositive Motion Deadline: | December 13, 2024 |
| Trial: | March 3, 2025 |

Defendant's Proposed Discovery Schedule:

| | |
|---|---|
| Rule 26(a) Disclosures: | May 3, 2024 |
| Written Discovery to be Issued: | May 10, 2024 |
| Deadline to Complete Fact Depositions: | October 31, 2024 |
| Disclosure of Experts: | November 30, 2024 |
| All Discovery Completed By: | January 31, 2024 |
| Dispositive Motion Deadline: | February 28, 2024 |
| Trial: | May 12, 2025 |

4. **TRIAL**

   a. **Whether a Jury Trial is Requested**

Both parties request a jury trial.

 b. **Probable Length of Trial**

The parties anticipate the trial will last approximately 7 days.

5. **STATUS OF SETTLEMENT DISCUSSIONS**

 a. **Status of Settlement Discussions**

Preliminary discussions have taken place, but have proven unfruitful.

 b. **Settlement Conference**

The plaintiff is not requesting a settlement conference at this time. Frontier is amenable to an early settlement conference.

 c. **Arbitration or Mediation**

The plaintiff is opposed to arbitration or mediation. Frontier is amenable to mediation.

6. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

 a. **Magistrate Judge**

The parties do not agree to consent to having this case heard before a magistrate judge.

Dated: April 26, 2024        Respectfully submitted,

               **SALVI, SCHOSTOK & PRITCHARD P.C.**

               By: /s/ *Lance Northcutt*
                 One of the Attorneys for Plaintiff

               **HINSHAW & CULBERTSON LLP**

               By: /s/ *Brian T. Maye*
                 One of the Attorneys for Defendant

Lance D. Northcutt (ARDC# 6278144)
Emily T. Art (ARDC# 6345559)
**SALVI, SCHOSTOK & PRITCHARD P.C.**
161 N. Clark St., Suite 4700
Chicago, IL 60601
Phone: (312) 372-1227
Fax: (312) 372-3720

lnorthcutt@salvilaw.com
eart@salvilaw.com

Brian T. Maye (Lead Trial Attorney)
Kurt C. Schlueter
Brittany N. Christianson
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001 (fax)
bmaye@hinshawlaw.com
kschlueter@hinshawlaw.com
bchristianson@hinshawlaw.com