UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHANNON O'BRIEN,           )<br>                                                )<br>                     Plaintiff,    )<br>                                                )  No.: 1:24-cv-00605<br>v.                                           )<br>                                                )  Hon. Sharon Johnson Coleman<br>FRONTIER AIRLINES, INC., d/b/a )<br>FRONTIER AIRLINES,           )<br>                                                )<br>                     Defendants.  )<br>                                                ) | |

**PLAINTIFF SHANNON O'BRIEN'S RULE 26(a)(1) INITIAL DISCLOSURE**

NOW COMES Plaintiff, SHANNON O'BRIEN, by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and pursuant to Federal Rule of Civil Procedure 26(a)(1), provides the following initial disclosures:

**Disclosures Pursuant to 26(a)(1)(A)(i)**

The name and, if known, the address and telephone number of each individual likely to have discoverable information supporting Plaintiff's claims and/or defenses, unless solely for impeachment, identifying the subjects of the information are as follows:

1. **Shannon O'Brien**
    c/o Salvi, Schostok & Pritchard P.C.
    161 N. Clark St., Suite 4700
    Chicago, IL 60601
    Telephone: 312-372-1227

Shannon O'Brien experienced physical and emotional pain and suffering when her mechanized wheelchair was lost after boarding Frontier flight 81 on November 26, 2022, from Punta Cana, Dominican Republic to Chicago, Illinois. Shannon has knowledge of the facts surrounding the incident as well as the extent and severity of her injuries, physical limitations, as well as the emotional and psychological symptoms she experienced as a result of the incident.

2. **Frontier Airlines, Inc.**
   c/o Hinshaw & Culbertson LLP
   151 N. Franklin St.
   Suite 2500
   Chicago, IL 60606

Representatives, employees and/or former employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the process, policies and procedures in which customers' wheelchairs are tracked, tagged, loaded, transported, located, and returned, including Plaintiff's mechanized wheelchair. Representatives, employees and/or former employees are likely to have discoverable information regarding the whereabouts of Plaintiff's mechanized wheelchair between departure from Punta Cana Dominican Republic, unscheduled landing at Orlando International Airport and the return of Plaintiff's mechanized wheelchair in Chicago, Illinois. Representatives, employees and/or former employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the prevalence of incidents similar to Shannon's ordeal and the lack of any meaningful response by Frontier to the incidents themselves or the widespread institutional failures that gave rise to them.

3. **Karen O'Brien**
   c/o Salvi, Schostok & Pritchard P.C.
   500 Lillian Lane
   Des Plaines, IL 60016
   Telephone: 847-293-1048

Karen is Shannon O'Brien's mother. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She has knowledge of Shannon's physical, mental and emotional state prior to the incident.

4. **Kevin O'Brien**
   c/o Salvi, Schostok & Pritchard P.C.
   500 Lillian Lane
   Des Plaines, IL 60016
   Telephone: 847-406-9902

Kevin is Shannon O'Brien's father. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He has knowledge of Shannon's physical, mental and emotional state prior to the incident.

5. **Katlyn O'Brien**
   c/o Salvi, Schostok & Pritchard P.C.
   315 Charing Cross Road
   Elk Grove, Village, IL 60007
   Telephone: 847-293-6968

Katlyn is Shannon O'Brien's sister. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She has knowledge of Shannon's physical, mental and emotional state prior to the incident.

6. **Kristi Lazic**
   8425 N. Western
   Niles, IL 60715
   Telephone: 847-344-4532

Kristi was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

7. **Marko Lazic**
   8425 N. Western
   Niles, IL 60715
   Telephone: 847-344-4533

Marko was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

8. **Nick Lazic**
   8425 N. Western
   Niles, IL 60714
   Telephone: 224-545-4862

Nick was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

9. **Dan Lazic**
   8425 N. Western
   Niles, IL 60714
   Telephone: 224-545-6079

Dan was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

10. **Jason Wynne**
    1717 S. Ashland Ave.
    Park Ridge, IL 60068
    Telephone: 773-870-2625

Jason was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

11. **Joanna Wynne**
    1717 S. Ashland Ave.
    Park Ridge, IL 60068
    Telephone: 847-644-7395

Joanna was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

12. **Mark Wynne**
    2425 N. De Cook Ct.
    Park Ridge, IL 60068
    Telephone: 773-459-5637

Mark was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

13. **Bert Guitierrez**
    2425 N. De Cook Ct.
    Park Ridge, IL 60068
    Telephone: 773-991-3256

Bert was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

14. **Stacy Hernandez**
    1821 Walnut St.
    Park Ridge, IL 60068
    Telephone: 773-294-8789

Stacy was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

15. **Isabella Hernandez**
    1821 Walnut St.
    Park Ridge, IL 60068
    Telephone: 847-525-6968

Isabella was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

16. **Lola Hernandez**
    1821 Walnut St.
    Park Ridge, IL 60068
    Telephone: 847-316-1460

Lola was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

17. **Kelly Basso**
    8104 W. Greendale Ave.
    Niles, IL 60714
    Telephone: 847-698-1807

Kelly was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

18. **Aldo Basso**
    8104 W. Greendale Ave.
    Niles, IL 60714
    Telephone: 630-540-6175

Aldo was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and

damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

19. **Alec Basso**
    8104 W. Greendale Ave.
    Niles, IL 60714
    Telephone: 847-863-9160

Alec was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

20. **Alexis Basso**
    8104 W. Greendale Ave.
    Niles, IL 60714
    Telephone: 847-372-7628

Alexis was traveling with Shannon O'Brien on the day of the incident. She has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damages resulting from the incident, and the limitations in her activities caused by the incident. She also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

21. **Luke Williams**
    779 Laurel Ave.
    Des Plaines, IL 60016
    Telephone: 224-629-3397

Luke was traveling with Shannon O'Brien on the day of the incident. He has knowledge regarding the incident as well as the pain, suffering, loss of normal life, emotional distress and damage resulting from the incident, and the limitations in her activities caused by the incident. He also has knowledge of Shannon's physical, mental and emotional state prior to the incident.

22. **Frontier ground handling personnel**
    c/o Hinshaw & Culbertson, LLP
    151 N. Franklin St.
    Suite 2500
    Chicago, IL 60606

Ground handling employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the process, policies and procedures in which customers' wheelchairs are tracked, tagged, loaded, transported, located, and returned, including Plaintiff's mechanized wheelchair. Ground handling employees are likely to have discoverable information regarding the whereabouts of Plaintiff's mechanized wheelchair between departure from Punta Cana Dominican Republic, unscheduled landing at Orlando International Airport and the return of Plaintiff's mechanized wheelchair in Chicago, Illinois. Ground

handling employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the prevalence of incidents similar to Shannon's ordeal and the lack of any meaningful response by Frontier to the incidents themselves or the widespread institutional failures that gave rise to them.

23. **Frontier customer service personnel**
    c/o Hinshaw & Culbertson, LLP
    151 N. Franklin St.
    Suite 2500
    Chicago, IL 60606

Customer service employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the process, policies and procedures in which customer's wheelchairs are tracked, tagged, loaded, transported, located, and returned, including Plaintiff's mechanized wheelchair. Customer service employees are likely to have discoverable information regarding the whereabouts of Plaintiff's mechanized wheelchair between departure from Punta Cana Dominican Republic, unscheduled landing at Orlando International Airport and the return of Plaintiff's mechanized wheelchair in Chicago, Illinois. Customer service employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the prevalence of incidents similar to Shannon's ordeal and the lack of any meaningful response by Frontier to the incidents themselves or the widespread institutional failures that gave rise to them.

24. **Frontier flight crew personnel**
    c/o Hinshaw & Culbertson, LLP
    151 N. Franklin St.
    Suite 2500
    Chicago, IL 60606

Flight crew employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the process, policies and procedures in which customers' wheelchairs are tracked, tagged, loaded, transported, located, and returned, including Plaintiff's mechanized wheelchair. They likely observed Plaintiff while on the flight from Punta Cana, Dominican and Orlando, Florida. Flight crew employees are likely to have discoverable information regarding the whereabouts of Plaintiff's mechanized wheelchair between departure from Punta Cana Dominican Republic, unscheduled landing at Orlando International Airport and the return of Plaintiff's mechanized wheelchair in Chicago, Illinois. Flight crew employees of the Defendant, Frontier Airlines, Inc., are likely to have discoverable information regarding the prevalence of incidents similar to Shannon's ordeal and the lack of any meaningful response by Frontier to the incidents themselves or the widespread institutional failures that gave rise to them.

25. **Necessary Foundation Witnesses**, including records custodians.

26. Any and all individuals disclosed in any party's Rule 26 disclosures and written discovery responses who are likely to have knowledge regarding subjects related to liability and damages.

Plaintiff reserves the right to call any witness, expert or otherwise, designated or called by the Defendant, and any witness, expert or otherwise, whose deposition is taken in this case; any witness, expert or otherwise named in a deposition in this case or named in documents procured in the course of discovery in this action; and any other witnesses, expert or otherwise, whose testimony is necessary for rebuttal or impeachment.

Additionally, Plaintiff reserves the right to call records custodians and other individuals necessary to establish foundation for any documents or other tangible evidence offered at the trial of this matter.

Plaintiff reserves the right to amend or supplement these initial disclosures as new witnesses and/or documents are determined throughout the course of discovery.

## **Disclosures Pursuant to 26(a)(1)(A)(ii)**

Copies of all documents, data compilations, electronically stored information, and tangible things in the possession or control of Plaintiff which Plaintiff may offer in her case-in-chief, except charts, summaries, and demonstrative exhibits that have not yet been prepared and must be disclosed in accordance with Rule 26(a)(5) are produced herewith and identified as follows:

1. Communications between Plaintiff and Frontier Airline representatives, employees, former employees, and/or personnel;

2. Photograph(s) and/or video(s) of Plaintiff prior to the incident, after the incident, Plaintiff's mechanized wheelchair prior to the incident and after the incident;

3. Plaintiff's complaint filed with the Department of Transportation and following communication with the Department of Transportation; and

4. To the extent that it is determined that there are other relevant documents, such documents will be supplemented and disclosed to the defense and identified in the final pretrial order in this matter.

### Disclosures Pursuant to 26(a)(1)(A)(iii)

The Plaintiff seeks all damages to which she is entitled under the law including damages for the following:

1. The nature and extent of the Plaintiff's injuries and the effect of the injuries on her ability to function as a whole person;

2. The physical pain and mental suffering the Plaintiff has experienced and will experience in the future as a result of the injuries;

3. The emotional distressed the Plaintiff has experienced and will experience in the future as a result of the injuries;

4. The loss of normal life the Plaintiff has experienced as a result of the injuries; and

5. Punitive damages where supported by the record facts and law.

Plaintiff will request that the members of the jury consider the evidence presented at trial regarding the nature and extent of her injuries and damages, apply the law to the facts of the case as presented throughout trial, and render a verdict accordingly.

### Disclosures Pursuant to 26(a)(1)(A)(iv)

Not applicable to the Plaintiff.

### Disclosures Pursuant to 26(a)(2)(A)

Plaintiff has not yet determined those experts who will be called upon to testify at trial. She reserves the right to supplement and amend this disclosure as discovery continues and additional information becomes available.

I hereby certify that the foregoing Initial Disclosures are complete and correct as of the time they were made, based upon my knowledge, information, and belief formed after a reasonable inquiry.

Dated: May 20, 2024:	Respectfully submitted,

                                            **SALVI, SCHOSTOK & PRITCHARD P.C.**

                                          By: */s/ Lance Northcutt*
                                               One of the Attorneys for Plaintiff

Lance D. Northcutt (ARDC# 6278144)
Emily T. Art (ARDC# 6345559)
**SALVI, SCHOSTOK & PRITCHARD P.C.**
161 N. Clark St., Suite 4700
Chicago, IL 60601
Phone: (312) 372-1227
Fax: (312) 372-3720
lnorthcutt@salvilaw.com
eart@salvilaw.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, certify that I electronically filed Plaintiff Shannon O'Brien's Initial Rule 26(a)(1) Initial Disclosures with the Clerk of the Court using the CM/ECF system on May 20, 2024. Pursuant to FED. R. CIV. P. 5(b)(3) and the Northern District of Illinois' LR 5.9, I have thereby electronically served all Filing Users with a copy of Plaintiff's Disclosures.

**Attorneys for Defendant Frontier Airlines**
Brian T. Maye
Kurt C. Schlueter
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001 (fax)
bmaye@hinshawlaw.com
kschlueter@hinshawlaw.com

                                                BY: S/ Lance D. Northcutt

Lance D. Northcutt (ARDC# 6278144)
Emily T. Art (ARDC# 6345559)
**SALVI, SCHOSTOK & PRITCHARD P.C.**
161 N. Clark St., Suite 4700
Chicago, IL 60601
Phone: (312) 372-1227
Fax: (312) 372-3720
lnorthcutt@salvilaw.com
etart@salvilaw.com

11